MCGREGOR W. SCOTT
United States Attorney
MIRIAM R. HINMAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>    v.<br><br>DOMINGO ENE,<br>JOSHUA HOPOI, and<br>RAYMOND SU,<br><br>                 Defendants. | CASE NO. 2:18-CR-149-JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: February 5, 2019<br>TIME: 9:15 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

1. By previous order, this matter was set for status on February 5, 2019, and time was excluded through that date.

2. By this stipulation, the defendants now move to continue the status conference until March 26, 2019, and to exclude time between February 5, 2019, and March 26, 2019, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has produced to defense counsel over 2000 pages of discovery, as well as a significant amount of audio and video.

    b) The defendants were arraigned on the Superseding Indictment on November 14, 2018.

    c)  Counsel for all three defendants require additional time to review the discovery.

    d)  Counsel for all three defendants require approximately two months to conduct investigation about the value and source of the items allegedly stolen by the defendants.

    e)  Counsel for Mr. Hopoi also requires approximately two months to conduct investigation related to mitigation, including the defendant's background.

    f)  Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    g)  The government does not object to the continuance.

    h)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    i)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 5, 2019, to March 26, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 17, 2019          McGREGOR W. SCOTT
                       United States Attorney

                       /s/ MIRIAM R. HINMAN
                       MIRIAM R. HINMAN
                       Assistant United States Attorney

Dated: January 17, 2019 /s/ TASHA CHALFANT
TASHA CHALFANT
Counsel for Defendant
Domingo Ene

Dated: January 18, 2019 /s/ NOA OREN
NOA OREN
Counsel for Defendant
Joshua Hopoi

Dated: January 17, 2019 /s/ LINDA PARISI
LINDA PARISI
Counsel for Defendant
Raymond Su

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 18th day of January, 2019.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE