PHILLIP A. TALBERT
Acting United States Attorney
MIRIAM R. HINMAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>DOMINGO ENE,<br><br>                              Defendant. | CASE NO.  2:18-CR-00149 JAM<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>DATE: November 16, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

Defendant Domingo Ene pleaded guilty on January 14, 2020, to Counts 1 and 7 of the

Superseding Indictment, charging him with conspiracy to possess stolen mail in violation of 18 U.S.C.

§ 371 and possession of a stolen firearm in violation of 18 U.S.C. § 922(j).  ECF Nos. 63, 69.  For at

least four months, Ene used his employment as a contractor at Sacramento International Airport to rifle

through U.S. mail and baggage.  He stole a gun from baggage and stole cash, money orders, and gift

cards from the mail.  Considering his theft of the gun and the significant disruption that he caused in

mail and baggage service, but also considering his remorse, lack of criminal history, and stable

employment while on pretrial release, the government recommends a below-guideline sentence of 18

months of imprisonment.

## I.        RECOMMENDED SENTENCE

The government recommends that the Court sentence the defendant to 18 months of

imprisonment on Count 7, to run concurrently with 6 months of imprisonment on Count 1.  In addition,

1  the government recommends that the defendant's sentence include restitution of $724.55 to the victims

2  listed in the PSR, concurrent 1-year terms of supervised release on each count, a fine of $1,000, and a

3  $200 special assessment.

4  

**II.    BACKGROUND**

5      From at least April 2018 through July 2018, the defendant used his position as an employee of

6  Envoy at Sacramento International Airport to steal items from mail and baggage.  PSR at 1, 5-8.  Envoy

7  was a contractor for American Airlines.  PSR at ¶ 5.  The defendant had access to secured areas of the

8  airport, the airport post office, and airplanes.  PSR at ¶ 6.  He also had a clearance from the U.S. Postal

9  Service to handle U.S. mail.  PSR at ¶ 5.  As an Envoy employee, he was responsible for loading and

10  unloading mail and baggage on airplanes, as well as transferring the mail to and from the airport post

11  office.  PSR at ¶¶ 5-6.

12      The defendant used his access to checked baggage to steal items, including a gun and marijuana.

13  PSR at ¶ 13.  The Springfield XD 9 mm handgun and two 9 mm magazines were checked in baggage on

14  a flight from Sacramento to Columbus, Ohio.  PSR at ¶ 13.  The checked bag had a red tag to alert

15  handlers that it contained a firearm.  PSR at ¶ 13.  When postal inspectors searched the defendant's

16  residence on July 17, 2018, they found the firearm in a shoe box in his closet, and the two loaded

17  magazines were also in the closet.  PSR at ¶ 13.  The PSR also notes that the defendant has three young

18  children.  PSR at ¶ 58.

19      In addition, the defendant conspired with his co-defendants to steal items from the U.S. mail.

20  According to co-defendant Joshua Hopoi, the defendant is the person who introduced the others to

21  stealing mail.  Ene Plea Agreement at A-1, ECF No. 69.  During the loading and unloading process, the

22  defendants rifled through the mail and looked for greeting card envelopes because they were more likely

23  to hold gift cards and cash.  PSR at ¶ 16.  On a single day, the trash at co-defendant Hopoi's residence

24  contained 113 greeting cards.  PSR at ¶ 14.  The defendant used stolen gift cards to purchase a gold

25  necklace, while co-defendant Hopoi purchased an Apple Watch.  PSR at ¶¶ 13-14.  Co-defendant

26  Raymond Su made arrangements by text message to sell stolen gift cards to numerous contacts.  PSR at

27  ¶ 11.  The government has identified $3,295 in stolen cash, $1000 in stolen money orders, and 95 stolen

28  gift cards as a result of the conspiracy.  PSR at ¶¶ 16, 22.  Most of the stolen gift cards were identified

1   during the search at each defendant's residence and airport locker and the trash run at each defendant's

2   house, all of which occurred in July 2018.  *See* PSR at ¶¶ 9, 10, 13, 14.

3          Victims submitted statements expressing the impact that the defendants' conduct had on them

4   and their families, beyond the stolen cash and gift cards.  One mother expressed her son's sadness at

5   thinking that his grandparents had forgotten his birthday.  Victim Impact Statements at 5, ECF No. 92.

6   Similarly, grandparents reported that their sensitive five-year-old grandson never received their card and

7   he "will not soon forget his fifth birthday memory, or the feeling that his own grandparents did not think

8   of him on his birthday."  Victim Impact Statements at 15.  A mother-in-law reported that her daughter-

9   in-law was hurt when she thought her mother-in-law had forgotten her birthday.  Victim Impact

10  Statements at 12.  Multiple victims reported that they had lost faith in the U.S. Postal Service.  Victim

11  Impact Statements at 5, 9.

### III.    SENTENCING GUIDELINES

13         The government agrees with the Sentencing Guidelines calculations in the PSR.  For Count 1,

14  the base offense level is 6.  U.S.S.G. § 2B1.1(a)(2).  The offense level is increased by 6 based on a loss

15  of $51,795.  U.S.S.G. § 2B1.1(b)(1)(D).  Because the offense involved more than 10 victims, a 2-level

16  increase applies under U.S.S.G. § 2B1.1(b)(2)(A)(i).  The offense also involved trafficking access

17  devices, which leads to a 2-level increase under U.S.S.G. § 2B1.1(b)(11)(B)(i).  The defendant should

18  receive a 2-level adjustment under U.S.S.G. § 3B1.3 based on his job handling U.S. mail.  The resulting

19  adjusted offense level for Count 1 is 18.  PSR ¶ 28.

20         For Count 7, the base offense level is 12.  U.S.S.G. § 2K2.1(a)(7).  There are no specific offense

21  characteristics or adjustments, so the adjusted offense level for Count 7 is also 12.  PSR ¶ 34.  The

22  combined adjusted offense level for Counts 1 and 7 is 19.  PSR ¶ 38; U.S.S.G. § 3D1.4.  Because the

23  government will recommend a third level of reduction for acceptance of responsibility, the total offense

24  level is 16.  PSR ¶¶ 40-42; U.S.S.G. § 3E1.1(b).  Based on a criminal history category of I, the

25  defendant's guideline imprisonment range is 21-27 months.  PSR ¶ 75.

### IV.    SECTION 3553(A) FACTORS

27          A below-guidelines sentence of 18 months in prison would be sufficient but not greater than

28  necessary to promote respect for the law, provide just punishment, afford adequate deterrence, and

GOV. SENTENCING MEMORANDUM RE ENE

3

1  protect the public.  The government recommends this sentence after weighing the seriousness of the

2  defendant's disruption of mail and baggage services, including theft of a firearm, and the mitigating

3  factors, including the defendant's remorse and performance on pretrial release.

4       Rather than respect the responsibility entrusted to him to ensure secure handling of mail and

5  baggage, the defendant chose to cause significant interference in mail and baggage service for his own

6  financial gain.  For at least four months, he rifled through mail and baggage to take items for himself,

7  and he introduced others to stealing.  He stole a firearm and stored it in a shoe box in a house with

8  young children.  Because of him, other people's children thought that their grandparents had forgotten

9  their birthdays.  The fact that co-defendant Hopoi's trash at home contained 113 greeting cards on one

10 day demonstrates what a significant disruption the defendants caused in the transit of the mail.  Victims

11 lost faith in the U.S. Postal Service, and for the four months that the defendants were operating their

12 conspiracy, they prevented the Postal Service from fulfilling its duty to carry mail safely in and out of

13 Sacramento.

14      It is a serious problem for individuals who are entrusted with access to airplanes and secured

15 areas of the airport to be more interested in their personal financial gain than in the responsibilities of

16 their jobs.  The fact that the defendant's thefts included a firearm makes his conduct especially

17 concerning.  A meaningful sentence of imprisonment is important to provide just punishment and deter

18 this kind of behavior by employees at the airport.[1]

19

20   Dated:  November 9, 2021                    PHILLIP A. TALBERT
                                                Acting United States Attorney
21

22                                       By:   /s/ MIRIAM R. HINMAN
                                               MIRIAM R. HINMAN
23                                             Assistant United States Attorney

24

25

26      [1] The defendant's sentencing memorandum refers to former postal inspector Daron Tarver, who
        pled guilty to stealing money orders from the mail, as "the very postal inspector involved in the
27      investigation for this case."  ECF No. 106 at 5.  To clarify, Tarver was not a case agent for this case.  He
        was present along with other inspectors for a few searches in this case: the searches of Su's and Hopoi's
28      airport lockers and the search of Su's car.