PHILLIP A. TALBERT
United States Attorney
MIRIAM R. HINMAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>DOMINGO ENE,<br><br>                    Defendant. | CASE NO. 2:18-cr-149 JAM<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING SENTENCING; FINDINGS AND ORDER<br><br>DATE: February 15, 2022<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

## BACKGROUND

On November 8, 2018, Domingo Ene was charged by superseding indictment with violating 18 U.S.C. § 371 (conspiracy), two counts of 18 U.S.C. § 1708 (possession of stolen mail), and 18 U.S.C. § 922(j) (possession of a stolen firearm). Ene pleaded guilty to conspiracy and possession of a stolen firearm on January 14, 2020, and is scheduled to be sentenced on February 15, 2022. The sentencing is set to occur by videoconference. For the reasons that follow, the parties consent to proceeding by videoconference.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or

sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2). It also empowered Chief District Court Judges to authorize arraignments by video or teleconference. *Id.*, § 15002(b)(1).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure generally cannot be conducted in person in this district without seriously jeopardizing public health and safety." Accordingly, the findings of the Judicial Conference and General Order 614 established that plea and sentencing hearings cannot safely take place in person.

In order to authorize sentencing hearings by remote means, however, the CARES Act—as implemented by General Order 614 and subsequent General Orders—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 614 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

All findings and authorizations in General Order 614 have been extended for 90-day periods through General Orders 620, 624, 628, 630, 632 and 635. On December 21, 2021, the Chief Judge of this District issued General Order 640, which "extended[ed] all findings and authorizations in General Order 614 for another 90 days after December 27, 2021, unless terminated earlier."

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 614, as extended by subsequent General Orders, have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and

General Order 614. Specifically, for the reasons further set forth below, the parties agree that:

1) The sentencing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact; and

2) The defendant waives his physical presence at the sentencing hearing and consents to remote hearing by videoconference. Counsel joins in that waiver.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. On March 17, 2020, the Chief Judge of this District issued General Order 611, noting the President's and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

4. On March 30, 2020, the Chief Judge of this District issued General Order 614, authorizing the use of videoconferencing technology in certain criminal proceedings under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

5. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its

guidance regarding gatherings of individuals.

6. General Order Nos. 614, 620, 624, 628, 630, 632, and 635 have issued and made findings and implementing temporary emergency procedures in response to the COVID–19 crisis, and these General Orders either remain in effect or have been superseded by a subsequent General Order extending their provisions. On December 21, 2021, General Order 640 issued, extending the findings and authorizations contained in General Order 614 for 90 days after December 27, 2021, unless terminated earlier.

7. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

8. The sentencing in this case accordingly cannot be further delayed without serious harm to the interests of justice. The defendant has an interest in resolving this case by proceeding to sentencing. Were this Court to delay sentencing until a time when proceeding may be held in person, it would harm the defendant's interest in furthering this case toward resolution. In addition to the defendant, the public has an interest in a timely resolution of this case. Additionally, if the Court were to delay this hearing until it can be held in-person, it only would add to the enormous backlog of criminal and civil matters facing this Court and every Judge in this District, when normal operations resume.

//
//
//
//
//
//
//
//
//
//

9. Under the CARES Act § 15002(b), defendant consents to proceed with the sentencing by videoconference. Counsel joins in this consent.

IT IS SO STIPULATED.

Dated:  February 11, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ Miriam R. Hinman
MIRIAM R. HINMAN
Assistant United States Attorney

Dated:  February 11, 2022

/s/ Tasha Chalfant
TASHA CHALFANT
Counsel for Defendant
Domingo Ene

**FINDINGS AND ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

   a) The sentencing in this case cannot be further delayed without serious harm to the interest of justice; and

   b) The defendant has waived his physical presence at the sentencing hearing and consents to remote hearing by videoconference.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 614, as extended by subsequent General Orders, the sentencing hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED this 14th day of February, 2022.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE